

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2003

# Markenstein v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-3342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Markenstein v. Comm Social Security" (2003). *2003 Decisions*. Paper 729.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/729

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3342
_____

JOSEPH D. MARKENSTEIN

Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY


_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 01-cv-01366)
District Judge:  The Honorable John W. Bissell
_____


Submitted Under Third Circuit LAR 34.1(a)
March 11, 2003

BEFORE: SLOVITER, NYGAARD, and ALARCON,[*] Circuit Judges.

(Filed March 21, 2003)


_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

_____

[*]	Honorable Arthur L. Alarcon, Senior Circuit Judge for the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

Joseph D. Markenstein appeals from the District Court's order entered June 27, 2002, upholding the Social Security Administration's determination of his onset date of disability benefits. We will affirm.

Joseph D. Markenstein (Markenstein) suffers from a number of ailments, including affective mood disorder, mixed anxiety disorder and intermittent explosive disorder. In January of 1997, Markenstein filed an application for supplemental social security income and for disability insurance benefits pursuant to 42 U.S.C. § 1381 et seq., and 42 U.S.C. § 423 et seq., respectively. A hearing was conducted before Administrative Law Judge Dennis O'Leary on November 20, 1998. ALJ O'Leary reported, in a decision dated December 9, 1998, that the medical evidence established that Markenstein's impairments were so severe that he was unable to respond to supervision, co-workers and usual work situations. The ALJ subsequently concluded that Markenstein could not perform any substantial gainful activity and found him to be disabled under the Social Security Act and that Markenstein had been under this disability since June 21, 1996. The ALJ further held that while Markenstein was entitled to supplemental social security income as of the date of his application for benefits, he was not entitled to disability insurance income because he was not disabled prior to the expiration of his insured status.

Markenstein sought review in the District Court of the ALJ's determination of his disability onset date. On June 27, 2002, the District Court affirmed the Commissioner. This timely appeal has followed.

2

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Our review is limited to ensuring that the ALJ's decision was supported by substantial evidence, which is defined as evidence which is "more than a mere scintilla." and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); see also *Burnes v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002).

The ALJ's determination of the onset date is supported by substantial evidence. The ALJ discusses his rationale for selecting the onset date in detail in his opinion, specifically citing the report of Dr. Carmelo Pingol. Moreover, Social Security Ruling 83-20 instructs that a claimant's alleged onset date should be used if it is consistent with all the evidence available. While Markenstein alleges an onset date at some time between January 6, 1995 and June 21, 1996, he failed to provide any medical evidence to support this contention. Also, as pointed out by the District Court, the ALJ kept the record open for sixty days so that Markenstein could file any additional supporting evidence on this point. Markenstein failed to do so.

Therefore, we will affirm the District Court's finding that the ALJ's determination of the onset date was supported by substantial evidence.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge